Henry J. Dalton  
vs. Div. No. 25186.  
Beatrix R. Dalton

December 19, 1930.

HAHN, J. Petition for divorce from bed and board on the ground of extreme cruelty.

From the testimony in the case it appears that the parties have been quarreling for many months prior to the filing of the petition. The testimony shows that respondent had filed a petition against the present petitioner in this Court and had discontinued the same; that this petitioner was before the Courts of East Providence, R. I., and Westfield, Mass., in

relation to matters arising from disagreements between the parties.

The case is clearly one of incompatability of temperament. The various acts of respondent which petitioner relies upon to support the allegation of cruelty show an entire disregard of the obligations of the marriage covenant and a desire to humiliate and punish him for some real or fancied violation of the duty incumbent upon him, and the Court is further convinced that petitioner has not shown himself guiltless of similar conduct. In short, each has tried to make married life uncomfortable and unhappy for the other.

While, from the present state of mind of the parties, it seems to the Court that it will be impossible for them to become reconciled, and this fact is exceedingly unfortunate for the children, yet there is insufficient testimony upon which to grant the divorce prayed for, although this Court has assumed jurisdiction, as it seems to the Court that the residence of the parties is sufficient to warrant action upon this petition.

In reaching the conclusion that the allegation of extreme cruelty is not substantiated by the testimony in behalf of the petitioner, this Court has considered various opinions of the Supreme Court of Rhode Island in which cruelty, sufficient or insufficient to support a petition of this kind, is fully discussed.

> *Hurvitz* vs. *Hurvitz*, 44 R. I. 478;
> *Grant* vs. *Grant*, 44 R. I. 169;
> *Borda* vs. *Borda*, 44 R. I. 337;
> *Corcoran* vs. *Corcoran*, 50 R. I. 434.

It is to be regretted that in divorces from bed and board, to await a possible reconciliation, where neither party may remarry, the ground of incompatability of temperament should not be added by statute, as this would often do away with the necessity of presenting in Court evidence of such nature that the possibility of reconciliation is made more remote; and, further, it gives jurisdiction over the parties and children with regard to support of wife and children, custody of the children, and the conduct of the parties toward each other and the children; all of which is usually conducive to the prevention of further quarrels and the recognition of the fact that each is subject to the performance of certain duties arising from the relation of husband and wife, mother and father, and that they may not, even though living apart, entirely disregard these duties.

Petition denied and dismissed.

For petitioner: Rosenfeld & Hagan.

For respondent: Edmund F. Beagan.